1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY NEVA ESTRADA, | ) Case No. CV 12-0683 JCG |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

Lily Neva Estrada ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits.  Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of her treating physician, Dr. William Cusick.  (Joint Stip. at 3-8, 14-15.)  The Court agrees with Plaintiff for the reasons discussed below.

      A.    <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*,

1   331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is

2   employed to cure and has a greater opportunity to know and observe the patient as

3   an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

4          Where the "treating doctor's opinion is contradicted by another doctor, the

5   [ALJ] may not reject this opinion without providing specific and legitimate reasons

6   supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal

7   quotation marks and citation omitted). The ALJ can meet the requisite specific and

8   legitimate standard "by setting out a detailed and thorough summary of the facts and

9   conflicting clinical evidence, stating his interpretation thereof, and making findings."

10  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks

11  and citation omitted).

12          A.      The ALJ Failed to Provide Specific and Legitimate Reasons for

13                  Rejecting Dr. Cusick's Treating Opinion

14          Here, the ALJ gave *four* reasons for discrediting Dr. Cusick's opinion. (*See*

15  AR at 23.) The Court discusses – and rejects – each of those reasons below.

16          First, the ALJ found that Dr. Cusick's opinion was inconsistent with "his own

17  rather mild clinical findings." (AR at 23.) Nothing, however, was offered to

18  substantiate this conclusion.[1] In fact, to the contrary, the record suggests that Dr.

19  Cusick's findings were arguably more than mild. (*See* AR at 358 (diagnosing

20  "lumbar disk DS/radiopathy"), 359 ("sciatica," "neuropathy," and "spinal fusion");

21  *see generally* AR at 356-60.) Thus, without some basis in the record, this reason

22  must be rejected.

23  _____

24          [1]   At best, the ALJ elsewhere found that Dr. Cusick's records contained only

25  intermittent mention of back complaints. (AR at 21.) Even so, "[t]he primary
    function of medical records is to promote communication and recordkeeping for

26  health care personnel-not to provide evidence for disability determinations. We
    therefore do not require that a medical condition be mentioned in every report to

27  conclude that a physician's opinion is supported by the record." *Orn v. Astrue*, 495

28  F.3d 625, 634 (9th Cir. 2007).

Second, the ALJ also found Dr. Cusick's opinion to be inconsistent with the "the degree of treatment [he] had provided to date." (AR at 23.) Again, no further explanation was given by the ALJ – a noteworthy omission in light of Dr. Cusick's extensive treatment plan, which included surgery, albeit by referral. (*See* AR at 290 (surgery referral), 347-50 (surgery notes).) At minimum, then, to satisfy the specific and legitimate standard, the ALJ should have explained how Dr. Cusick's opinion actually conflicted with his degree of treatment. *See Magallanes*, 881 F.2d at 751 (requiring "a detailed and thorough summary of . . . conflicting clinical evidence.")

Third, the ALJ found that Dr. Cusick's assessment "appears to generally reflect [Plaintiff's] subjective complaints." (AR at 23.) Granted, an ALJ may reject a treating opinion if it is based "to a large extent" on a claimant's own statements that have been properly discredited. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But, here, no evidence can support a conclusion that Dr. Cusick based his opinion, even partially, on Plaintiff's complaints. Instead, the opposite appears to be true because Dr. Cusick has, in fact, diagnosed and treated Plaintiff. Because Dr. Cusick provided some "independent analysis [and] diagnosis," the ALJ thus improperly discredited Dr. Cusick's opinion on this ground. *See id.*

Fourth, the ALJ cited Dr. Simmonds' contrary opinion that Plaintiff "show[ed] no deficits of mobility and no deficits of gait or neurological functioning." (AR at 23.) However, a treating opinion cannot be rejected simply because a contrary opinion exists. Indeed, the very purpose of the specific and legitimate standard is to control the weight given to treating opinions when, as here, a contrary opinion exists. *See Lester*, 81 F.3d at 830. By failing to appreciate this nuance, the ALJ's reasoning misses the mark.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinion of Dr. Cusick.

C.    Remand is Warranted

3

1       With error established, this Court has discretion to remand or reverse and

2   award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

3   useful purpose would be served by further proceedings, or where the record has been

4   fully developed, it is appropriate to exercise this discretion to direct an immediate

5   award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

6   But where there are outstanding issues that must be resolved before a determination

7   can be made, or it is not clear from the record that the ALJ would be required to find

8   plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

9   *See id.* at 594.

10       Here, in light of the ALJ's error, Dr. Cusick's credibility must be properly

11   assessed.  Therefore, on remand, the ALJ shall reevaluate the opinions of Dr. Cusick

12   and either credit them as true, or provide valid reasons for any portion that is

13   rejected.

14       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

15   **REVERSING** the decision of the Commissioner denying benefits and

16   **REMANDING** the matter for further administrative action consistent with this

17   decision.[2/]

18

19   Dated: January 30, 2013

20   _____

21       Hon. Jay C. Gandhi

22       United States Magistrate Judge

23

24

25

26

27   [2/]   In light of the Court's remand instructions, it is unnecessary to address

28   Plaintiff's remaining contentions.  (*See* Joint Stip. at 15-17, 19-22, 25-27, 28.)

4